UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                             No. 20-CR-210-LTS

EVAN BROWN,

        Defendant.

-------------------------------------------------------x

## ORDER

        Mr. Brown has moved for early termination of his supervised release term. (Docket Entry no. 121.) Neither the Government nor the Probation Office objects to his request. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Brown's motion is granted.

        Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.A. § 3583(e)(1) (West 2023). The Guide to Judiciary Policy likewise recognizes that the Court may terminate "terms of supervised release . . . in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice." Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a)(2).

        The Second Circuit has held that "changed circumstances" such as "exceptionally good behavior by the defendant" may "[o]ccasionally" warrant the early termination of supervised release. U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However,

"[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (quoting United States v. Flores, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)).

On October 7, 2020, Mr. Brown pleaded guilty to conspiring to commit bank bribery in violation of 18 U.S.C. section 371. (See docket entry no. 58 at 3.) The Court sentenced Mr. Brown to 14 months' incarceration, followed by a two-year period of supervised release. (Docket entry no. 78.) Mr. Brown completed his custodial sentence and commenced his term of supervised release on May 25, 2022, and his term of supervised release is set to expire on May 24, 2024. (See docket entry no. 121 at 1.) To date, Mr. Brown has completed over one year of his period of supervised release.

Mr. Brown has moved for early termination of his supervised release on the grounds that he satisfies each factor for early termination. (Docket entry no. 121.) He represents that, since his release, he has been living in New Jersey with his son and working at ENG Infotech. (Id. at 1.) During this time, Mr. Brown has been fully compliant with the terms of his supervised release. (Id. at 2.) Mr. Brown further emphasizes that he has obtained the Court's permission, without objection from the Probation Office or the Government, to travel to Austria, Canada, Costa Rica, the Dominican Republic, the Philippines, Romania, Singapore, Scotland, Thailand, and the United Arab Emirates. (See docket entries no. 99, 103, 105, 116, 120.) Mr. Brown has returned to the United States without incident each time that he traveled outside the country. (See docket entry no. 121 at 2.)

There are no objections to Mr. Brown's request for early termination for

supervised release. Mr. Brown's motion indicates that the Government does not object. (Docket entry no. 121 at 2.) Likewise, in a letter to the Court, the Probation Office for the District of New Jersey indicated that it does not oppose Mr. Brown's motion and noted that he has complied with all conditions of supervised release, has maintained a stable residence, and is employed.

The Court, having considered the factors set forth in both 18 U.S.C. section 3553(a), and the Guide to Judiciary Policy, Volume 8E, Chapter 3, section 360.20(a), concludes that early termination of Mr. Brown's supervised release is in the interest of justice because Mr. Brown has complied with the conditions of his supervised release and has demonstrated "exceptionally good behavior" since he began his supervised release. See Lussier, 104 F.3d at 36.

For these reasons, Mr. Brown's motion for early termination is granted, effective July 3, 2023. Because the Court is modifying the terms of Mr. Brown's supervised release in his favor, the Court is not required to hold a hearing. Fed. R. Crim. P. 32.1(c)(2)(B) ("A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of probation or of supervised release"); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").

This Order resolves Docket Entry no. 121.

SO ORDERED.

Dated: New York, New York
June 30, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge